The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018-0137
Dear Representative Kidd:
I am writing in response to your request for an opinion on the following question:
 Where a municipal court has been established after January 1, 1994, how does one determine the amount of uniform court costs and filing fees to be remitted from a city administration of justice fund to the county treasurer for deposit into the county administration of justice fund in the event the city and county cannot agree?
RESPONSE
It is my opinion that current law does not address this question. Legislative clarification is therefore indicated.
In your request, you refer to A.C.A. § 16-10-308, as amended by Act 1341 of 1997. That statute creates a "city administration of justice fund" in each municipality that operates a police, city, or municipal court. A.C.A. § 16-10-308(a). The fund is to be used to defray expenses incurred in the administration of justice in the city. A.C.A. § 16-10-308(b). The municipality is required to continue to finance certain city agencies and programs funded at the time of passage of the original act[1] and the municipalities must continue to minimally fund these programs at the level it was funded in the calendar year ending December 1994 (or at the level set by ordinance enacted prior to December 1994 for calendar year 1995). Id. Certain county-level programs are among those which must remain funded under this statute. See A.C.A. § 16-10-308(b)(5) (requiring continued funding of "all county-level programs and agencies funded in whole or in part by court costs or filing fees assessed and collected by the municipal, city, or police court . . ."). The statute then provides a mechanism to transfer moneys in the fund which are not required for city administration of justice purposes to the Department of Finance and Administration for deposit in the State Administration of Justice Fund. The municipality gets to retain an amount in the fund equal to the amount collected from court costs and filing fees in 1994 for city administration of justice purposes. This year is what is referred to as the "base year" or "base amount." In later years, this amount (the amount the municipality is allowed to retain) increases according to the Consumer Price Index.[2] The remainder must be transferred to DFA.
Your question involves the continued funding of the county-level programs mentioned above in a municipality that did not create a police, city or municipal court until after the beginning of calendar year 1994. In my opinion, another statute is relevant to this question. Section 16-10-604
(Supp. 1999) of the Arkansas Code provides in pertinent part as follows:
 (d)(1)(A) For any municipal, city, or police court which was created after January 1, 1994, such that the base year used to calculate the city share pursuant to § 16-101-308 was not complete, the city share shall be deemed to be fifty percent (50%) of the uniform court costs and filing fees collected and remitted to the city administration of justice fund.
 (B) From this fifty-percent (50%) share, the city shall disburse or transfer funds to the local programs or agencies pursuant to subdivision (b)(1) of this section and to the county treasurer pursuant to subdivision (b)(2) of this section.
 (2) The remaining fifty percent (50%) shall be remitted to the Department of Finance and Administration, pursuant to § 16-10-308(e). [Emphasis added.]
The county programs are addressed above in subsection (d)(1)(B), where it refers to the transfer of funds to the county treasurer. Subsection (d)(1)(B) states that transfer of funds to the county treasurer shall be pursuant to subsection (b)(2) of A.C.A. § 16-10-604. That subdivision ((b)(2)), states that:
 2(A) Pursuant to § 16-10-308(b)(5), the city shall remit to the county treasurer for deposit into the county administration of justice fund a portion of the city's share of uniform court costs and filing fees.
 (B) The amount of the remittance shall be based upon the amount, if any, of uniform court costs and filing fees which had been remitted by the city to the county to fund county-level programs and agencies during the base year defined in § 16-10-308(b).
 (B) By common agreement, cities and counties may establish a different fixed dollar amount or percentage of the city's monthly share of filing fees and court costs which shall be remitted to the county treasurer.
Thus, subsection (d) of A.C.A. § 16-10-604, which governs cities which did not have a city, police, or municipal court for the whole year of 1994, ultimately refers back, in allocating money between the city and the county, to A.C.A. § 16-10-308 and the "base year" mentioned in that statute. Of course, it is impossible for a municipality that did not have a court for base year 1994 to use the allocation of that base year in determining the county's share. There is thus a flaw in the statutory scheme, and absent an agreement between the city and the county, the statutes do not provide an answer to your question.
I will note, however, that subsection (b)(2)(A) of A.C.A. § 16-10-604
requires the city to remit some portion of the city's share of uniform court costs and filing fees. This subsection is drafted in mandatory terms. The exact amount of the remittance is simply unclear under the circumstances you describe. Legislative clarification is therefore indicated.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] See Acts 1995, No. 1256, later amended by both Acts 788 and 1341 of 1997.
[2] A separate decrease in this base amount was added in 1997, by Act 1341, relating to public defender funding.